# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                                  Case No. 00-C-82

**SCOTT P. THURNER and**
**YVONNE E. THURNER,**
        **Defendants.**

---

## DECISION AND ORDER

On August 11, 2000, the court entered judgment in favor of the United States against Scott P. and Yvonne E. Thurner in the amount of $1,278,567.91 plus statutory additions until paid. To date, the judgment remains unpaid. The United States, pursuant to Federal Rule of Civil Procedure 69(a), served defendants with requests for production of documents; defendants objected. Before me now is the United States' motion to compel defendants to produce the requested documents or, in the alternative, to answer a previously served set of interrogatories.[1]

Federal Rule of Civil Procedure 69(a) provides, "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Rules 33 and 34 of the Federal Rules of Civil

---

[1] Also before me is defendants' motion for leave to file a sur-reply to plaintiff's motion to compel. I will grant defendants' motion without further discussion.

Procedure permit the use of interrogatories and requests for production of documents as discovery tools.

The United States, in 2006, served upon defendants a set of interrogatories related to their current financial condition. Defendants answered some of the interrogatories by referring to a previous set of interrogatories served in 2000. The United States then requested production of copies of the 2000 interrogatories and the answers thereto. Defendants objected to this request on several grounds.

The United States now seeks an order compelling defendants either to produce the requested documents or to answer the set of interrogatories served in 2006, specifically interrogatories number 8, 11, and 15 in that set. In response to the United States' motion, defendants have reiterated their objections to the request for production, arguing that: 1) the United States, having drafted and served the 2000 interrogatories, should have copies of the interrogatories and answers, and the requests for production are therefore tools of harassment; 2) defendant Yvonne Thurner has an appeal currently pending before the Seventh Circuit related to an "innocent spouse" defense and therefore the United States is not permitted to seek discovery from her; and 3) the United States has included the name of Enco Realty Company, Inc., in the caption of its requests.

I find defendants' first objection, that the United States is merely harassing defendants, unpersuasive. The United States is attempting to satisfy a judgment of over one million dollars, entered against defendants in 2000 and to date still unpaid. To do this, the United States must ascertain the nature and amount of any assets defendants might currently hold that could be used in payment of the judgment. To this end, the United States served a set of interrogatories upon defendants in 2006, attempting to determine

2

what assets defendants might have.  The 2006 interrogatories primarily focus on defendants current financial status, rather than past financial history; they mainly seek new information and are not duplicative of the 2000 interrogatories.  Moreover, the need to request production of copies of the 2000 interrogatories stems from defendants' reference to the 2000 interrogatories in lieu of a direct answer to the 2006 set.  Had the defendants merely directly answered the questions about their current financial status, the request for production of interrogatories would not have been necessary.  Thus, I do not believe the United States is attempting to harass defendants.  Defendants can easily satisfy this issue by directly answering the complete set of interrogatories served upon them in 2006, thereby providing the United States with defendants' current financial information as requested.

Regarding defendants' second objection, Yvonne Thurner's pending appeal related to an innocent spouse defense does not preclude discovery of her financial situation.  She currently has a judgment against her in favor of the United States and there is no stay entered in this case pending that appeal, which makes post-judgment discovery in aid of execution of judgment proper.[2]  Moreover, even if she were absolved of tax liability, she would still be subject to discovery based on her status as the spouse of Scott Thurner, as this close relationship makes her financial situation relevant.  See, e.g., G-Fours, Inc. v. Miele, 496 F.2d 809 (2d Cir. 1974); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Van

---

[2] Defendants cite to Federal Rule 62(a), but this only provides for a stay of execution of the judgment for 10 days after its entry; as judgment in this case was entered in 2000, I don't believe this provision applies.  Likewise, the stay provided for in 26 C.F.R. § 1.6015-7(c)(1) generally expires upon filing of a notice of appeal from a final decision of the United States Tax Court.

3

Waeyenberghe, 148 F.R.D. 256, 256-57 (N.D. Ind. 1993); Strick Corp. v. Thai Teak Products Co., 493 F.Supp. 1210, 1218 (E.D. Pa. 1980); Hartmann v. U.S., 79 F.R.D. 705, 707 (E.D. Wis. 1978); see also 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3014 (2d ed. 2007) ("[P]robing questioning is allowed with regard to third parties with close ties to the judgment debtor.").

Finally, in response to defendants' third argument, the fact that the United States refers to Enco Realty Company, Inc., in discovery captions does not invalidate the requests. Defendants do not argue that the United States seeks discovery from Enco or about Enco, only that Enco's name appears in the caption. And, as discussed above, even if the United States was seeking discovery from Enco, Rule 69 contemplates some discovery of third parties for purposes of ascertaining assets of a judgment debtor. Wright, Miller & Marcus, supra.

Therefore,

**IT IS ORDERED** that defendants' motion for leave to file a sur-reply is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel is **GRANTED** and within 30 days of the date of this order each defendant is required to either produce the requested documents or provide complete, responsive answers, made under oath and in good faith, to interrogatories No. 8, 11, and 15 in the set of interrogatories served in 2006, without reference to interrogatories served prior to December 15, 2005 or answers to such interrogatories.

Dated at Milwaukee, Wisconsin, this 20 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge